# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **JOSEPH L. RAINEY,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:11-0699 |
| ) | |
| **UNITED STATES OF AMERICA,** *et al.*, ) | |
| ) | |
| Respondents. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document Nos. 1 and 6.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.[2]

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] A Section 2241 petition for *habeas corpus* must be filed "in the district in which the prisoner is confined." *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). In the instant case, Petitioner filed his Section 2241 Petition while incarcerated at FCI McDowell, located in Welch, West Virginia. FCI McDowell lies within the Southern District of West Virginia. While Petitioner's Petition was pending before this Court, he was transferred by the BOP to USP Lee, which is located in the Western District of Virginia. The Fourth Circuit has stated that "[j]urisdiction is determined at the time an action is filed; subsequent transfers of prisoners outside the jurisdiction in which they filed actions does not defeat personal jurisdiction." *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994)(*citing Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990)); *also see Chaney v. O'Brien*, 2007 WL 1189641 at * 1 (W.D.Va. 2007)(finding that jurisdiction over petitioner was determined at the time the action was filed, not based on petitioner's subsequent transfer to Illinois during pendency of his Section 2241 Petition); *Martin v. United States*, 2006 WL 231485 (N.D.W.Va. Jan. 31,

**FACT AND PROCEDURE**

**A.		Criminal Action No. 1:06-cr-0071:**

On June 7, 2007, Petitioner was convicted of Conspiracy to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846 (Count 1); Distribution of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 10); and Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 18). United States v. Rainey, Case No. 6:06-cr-03079 (W.D.Mo. June 7, 2007), Document Nos. 277 and 278. On November 19, 2007, the District Court sentenced Petitioner to "Life on Count 1, 360 months on each of Counts 10 and 18, all counts to run concurrently for a total term of imprisonment of Life." Id., Document No. 352. The District Court further imposed a six-year term of supervised release as to Counts 10 and 18, to run concurrently. Id. On November 26, 2007, Petitioner filed a Notice of Appeal. Id., Document Nos. 347 and 348. In his appeal, Petitioner alleged that the United States Attorney did not adequately serve upon him a copy of the required sentencing information in accordance with 21 U.S.C. § 851(a)(1). On May 21, 2010, the Eighth Circuit affirmed Petitioner's conviction and sentence. United States v. Rainey, 605 F.3d 581 (8th Cir. 2010). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on October 18, 2010. Rainey v. United States, ___ U.S. ___, 131 S.Ct. 432, 178 L.Ed.2d 336 (2010). Petitioner then filed a Petition for Rehearing, which was denied by the United States Supreme Court on January 10, 2011.  Rainey v. United States, ___ U.S. ___, 131 S.Ct. 989, 178 L.Ed.2d 818 (2011).

---

2006)(stating that "once properly filed . . . a prisoner's subsequent transfer does not necessarily destroy jurisdiction in the district where the prisoner was incarcerated at the time the habeas petition was filed"). The undersigned therefore finds that since Petitioner's Petition was properly filed in the Southern District of West Virginia, this Court has authority to consider Petitioner's Petition based on the merits notwithstanding his transfer to prison outside this District.

B.   **First Section 2255 Motion:**

On June 4, 2009, Petitioner, acting *pro se*, filed in the Western District of Missouri a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Rainey v. United States, Case No. 6:09-cv-3216, Document No. 1. As a ground of error, Petitioner asserted he was denied his Sixth Amendment right to appointed counsel by the District Court. Id. By Order entered on May 4, 2010, the District Court noted that Petitioner's appeal was still pending in the Eighth Circuit and dismissed his Section 2255 Motion without prejudice. Id., Document No. 2.

C.   **Second Section 2255 Motion:**

On November 15, 2010, Petitioner filed in the Western District of Missouri his second Section 2255 Motion. Rainey v. United States, Case No. 6:10-cv-3467, Document Nos. 1 and 2. Petitioner asserted the following grounds of error: (1) The District Court failed to appoint counsel for trial and at sentencing; (2) Ineffective assistance of standby counsel at trial and sentencing; (3) Deprivation of Petitioner's right to a fair trial; (4) Prosecutorial misconduct; and (5) Violation of the Speedy Trial Act. Id. By Order entered on April 14, 2011, the District Court denied Petitioner's Section 2255 Motion on the merits. Id., Document No. 17. Petitioner filed a Petition for Extraordinary Writ, which the Eighth Circuit denied on October 26, 2011. In re: Joseph L. Rainey, Case No. 11-3299 (8th Cir. Oct. 26, 2011).

D.   **Third Section 2255 Motion:**

On June 27, 2011, Petitioner filed in the Western District of Missouri his third Section 2255 Motion. Rainey v. United States, Case No. 6:11-cv-3232, Document No. 1. As grounds of error, Petitioner alleged as follows: (1) The District Court failed to appoint counsel to represent Petitioner at trial and sentencing; and (2) Petitioner did not knowingly and intelligently waive his right to

counsel. Id. By Order entered on July 25, 2011, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document No. 4.

**E.      Section 2241 Petition:**

On October 4, 2011, Petitioner, acting *pro se*, filed his instant Petition requesting relief under 28 U.S.C. § 2241. (Civil Action No. 1:11-0699, Document No. 1.) In his Petition, Petitioner alleges that the District Court "failed to appoint counsel for Rainey" and failed to "find that he knowingly and intelligently waived the fundamental constitutional right." (Id., p. 1.) Specifically, Petitioner states that he "was tried, convicted and sentenced without the assistance of counsel as guaranteed by the Sixth Amendment." (Id., p. 4.) Petitioner contends that the District Court's error "deprived the district court of the jurisdiction to proceed and thus judgment of conviction is void." (Id., p. 4.) Petitioner, therefore, states that "respondent has no standing nor right to execute such void judgment and is unconstitutionally imprisoning him." (Id., pp. 4 - 9.)

On October 18, 2011, Petitioner filed his Amended Section 2241 Petition on the appropriate form. (Id., Document No. 6.) Petitioner continues to assert that his conviction is invalid because he was improperly denied the right to counsel at trial and sentencing. (Id.)

**F.      Fourth Section 2255 Motion:**

On November 25, 2011, Petitioner filed in the Western District of Missouri his forth Section 2255 Motion. Rainey v. United States, Case No. 6:11-cv-3479, Document Nos. 1 and 5. As grounds of error, Petitioner alleged that his speedy trial rights were violated. Id. By Order entered on January 18, 2012, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document No. 8.

**G.      Fifth Section 2255 Motion:**

On March 15, 2012, Petitioner filed in the Western District of Missouri his fifth Section 2255 Motion. Rainey v. United States, Case No. 6:12-cv-3153, Document No. 1. In his Motion, Petitioner contends that he "is not a career offender because his prior state conviction did not include a sentence of imprisonment of at least a year or more." Id. By Order entered on April 17, 2012, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document No. 3.

**H.      Sixth Section 2255 Motion:**

On May 4, 2012, Petitioner filed in the Western District of Missouri his sixth Section 2255 Motion. Rainey v. United States, Case No. 6:12-cv-3249, Document No. 1. On May 23, 2012, Petitioner filed a Motion to Dismiss Case. Id., Document No. 2. By Order entered on June 6, 2012, the District Court granted Petitioner's Motion to Dismiss and dismissed his Section 2255 Motion. Id., Document No. 4.

**I.      Request for authorization to file Successive Section 2255 Motion:**

On July 6, 2012, Petitioner filed with the Eighth Circuit a "Petition for Permission to File a Successive Habeas Petition." Rainey v. United States, Case No. 12-2595 (8th Circuit 2012). Petitioner's Petition is currently pending before the Eighth Circuit.

## **ANALYSIS**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants

of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Western District of Missouri. Specifically, Petitioner claims that the trial court violated his Sixth Amendment rights by failing to appoint counsel to represent him at trial and sentencing. Petitioner, therefore, requests that this Court

invalidate his conviction and sentence. Petitioner is clearly challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Missouri. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Eighth Circuit Court of Appeals.[3]

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357

---

Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner's Motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255 is currently pending before the Eighth Circuit.

8

(S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1 and 6.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: July 10, 2012.

R. Clarke VanDervort
United States Magistrate Judge