IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JOSEPH L. RAINEY,

    Petitioner,

v.                                      Civil Action No. 1:11-0699

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the court are Joseph L. Rainey's ("Petitioner's") (1) Petitions styled as Section 2241 Petitions for Writ of Habeas Corpus (Doc. Nos. 1 & 6) and (2) Petition for a "Writ of Praecipe under 28 U.S.C. § 2243." (Doc. No. 11).  For the following reasons, Petitioner's first and second Petitions for Writ of Habeas Corpus are **DENIED**.  (Doc. Nos. 1 & 6) Similarly, petitioner's Petition for a "Writ of Praecipe under 28 U.S.C. § 2243" is **DENIED**.  (Doc. No. 11).

Factual and Procedural History

Since being convicted on June 7, 2007 for (1) conspiring to distribute, (2) distributing, and (3) possessing cocaine base in violation of 21 U.S.C. §§ 841 & 846, Petitioner has filed a series of Section 2255 motions attacking the validity of his conviction.  See Doc. No. 15, p. 3-5.  In the midst of his Section 2255 filings, Petitioner filed two nearly identical

1

documents styled as Section 2241 petitions for a writ of habeas corpus.  See Doc. Nos. 1 & 6.  Before Magistrate Judge R. Clarke VanDervort issued a Proposed Findings and Recommendation as to petitioner's Section 2241 petitions, Petitioner filed an additional, separate document styled as a Petition for a "Writ of Praecipe under 28 U.S.C. § 2243" on February 1, 2012.  Doc. No. 11.

On July 10, 2012, Magistrate Judge R. Clarke VanDervort issued a Proposed Findings and Recommendation in this case.  Doc. No. 15.  There, Magistrate Judge VanDervort liberally construed Petitioner's Section 2241 petitions.  First, Magistrate Judge VanDervort construed Petitioner's Section 2241 petitions as Section 2255 motions since the Petitioner effectively "challeng[es] the validity of his conviction and sentence, not the manner in which his sentence is being executed."  Id. at 7.  Second, Magistrate Judge VanDervort alternatively construed Petitioner's Section 2241 petitions as effectively seeking relief under Section 2241 via Section 2255's "savings clause."  Id. at 8-9.  Under either construction, Magistrate Judge VanDervort recommended dismissing both Petitions.  Id. at 9.  On July 20, 2012, Petitioner objected to Magistrate Judge VanDervort's Proposed Findings and Recommendation.  Doc. No. 17.  Accordingly, this court now

reviews de novo the Proposed Findings and Recommendation in light of Petitioner's timely filed objections.

## Discussion

I. First and Second Petition for Writ of Habeas Corpus

After reviewing Petitioner's filing in response to the Proposed Findings and Recommendation, the court finds that Petitioner's only specific objection is that Magistrate Judge VanDervort should not have treated petitioner's claim as a Section 2255 motion. See Doc. No. 17, p. 1. Specifically, Petitioner apparently argues that attacking the "execution of a judgment that is void for want of jurisdiction on the trial court to render it" is different from attacking the validity of a conviction and sentence. Id. at 2. However, petitioner contradicts himself during his "rehears[al of] the facts" in support of his so-called Section 2241 petition.

Petitioner maintains substantially the same Sixth Amendment arguments in his objection as he advanced in the Petitions themselves. See Id. at 2-4. In doing so, Petitioner specifically asserts that the "Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence." Id. at 4. The fact that Petitioner attacks the trial court's jurisdiction to validly convict and sentence him betrays petitioner's attempt to re-characterize such attack as one on the execution of a sentence. Petitioner cannot have it both

3

ways.  The Proposed Findings and Recommendation accurately state as much.

Any Section 2241 petition challenging the validity of a federal conviction or sentence must either be dismissed or construed as a Section 2255 motion.  Frees v. Maye, 441 F. App'x 285, 286 (5th Cir. 2011); see Doc. No. 15, p. 6 (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).  Challenging a court's jurisdiction to convict is tantamount to challenging the validity of the conviction itself.  It cannot be that a court without jurisdiction can still validly convict and sentence an individual.  This goes to the heart of jurisdiction as a "court's power to decide a case or issue a decree." Black's Law Dictionary, "Jurisdiction," (9th ed. 2009).  Moreover, it is nonsensical to suggest that one is simply challenging the execution of a sentence after flatly arguing the court had no jurisdiction to issue the sentence in the first instance.

Thus, Petitioner's only cognizable objection to the Proposed Findings and Recommendation is without merit.  The Proposed Findings and Recommendation properly treated Petitioner's Section 2241 filing as a Section 2255 motion and Petitioner's objection is therefore **OVERRULED**.

Accordingly, the court **CONFIRMS** and **ADOPTS** the Magistrate Judge's Proposed Findings and Recommendations (Doc. No. 15) and

4

**DENIES** Petitioner's first and second Petitions for a Writ of Habeas Corpus (Doc. Nos. 1 & 6).

II. Petition for a "Writ of Praecipe under 28 U.S.C. § 2243"

Petitioner's petition for a "Writ of Praecipe" is neither authorized by nor cognizable under 28 U.S.C. § 2243.  Indeed, Section 2243 nowhere mentions a writ of praecipe.  At best, a writ of praecipe may be available to federal courts under the All Writs Act, which permits federal courts to issue "all writs necessary or appropriate in aid of their respective jurisdictions."  28 U.S.C. § 1651(a).

In any case, a writ of praecipe amounts to a "written motion or request seeking some court action."  Black's Law Dictionary, "Praecipe," (9th ed. 2009).  Here, Petitioner sought to have a federal district judge order a federal magistrate judge to act on petitioner's Section 2241 petitions.  Magistrate Judge VanDervort acted on petitioner's Section 2241 petitions when he issued the Proposed Findings and Recommendation in this case.  Thus, the Petition for a "Writ of Praecipe under 28 U.S.C. § 2243" is **DENIED AS MOOT**.  (Doc. No. 11).

III. Certificate of Appealability

Finally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

5

2253(c)(2). The standard for issuing a certificate of Appealability is satisfied only by showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the standard is not met in this case.

Accordingly, the court **DENIES** a certificate of appealability.

### Conclusion

Having reviewed Petitioner's objections, the court **OVERRULES** Petitioner's objections and **CONFIRMS** and **ADOPTS** the Magistrate Judge's Proposed Findings and Recommendations (Doc. No. 15) and **DENIES** Petitioner's first and second Petitions for a Writ of <u>Habeas Corpus</u>. (Doc. Nos. 1 & 6).

Moreover, the court **DENIES AS MOOT** the petitioner's Petition for a "Writ of Praecipe under 28 U.S.C. § 2243." (Doc. No. 11).

Lastly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, and Mr. Rainey, pro se.

The Clerk is further directed to remove this case from the court's active docket.

**IT IS SO ORDERED** on this 20th day of September, 2012.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge